Argued and submitted October 3, 1986, reversed and remanded for redetermination of interest and otherwise affirmed February 25, 1987

## ARNOLD MACHINERY COMPANY,
dba General Implement Distributors,
*Appellant,*

*v.*

## CSL BUILDING CORPORATION,
dba Com-Trac,
*Defendant,*
### SKIRVING,
*Respondent.*

(CC83-73; CA A35738)

733 P2d 115

J. R. Perkins, III, The Dalles, argued the cause and filed the brief for appellant.

Thomas C. Peachey, The Dalles, argued the cause for respondent. With him on the brief was Lewis, Foster & Peachey, The Dalles.

Before Buttler, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action against defendant Skirving[1] as the guarantor of certain debts owed to plaintiff. The trial court directed a verdict in plaintiff's favor but limited the interest payable on the debts to 12 percent. The parties agree that the basis for the limitation was that the higher rate defined in the instruments on which the debts were based was usurious. Plaintiff appeals, contending, first, that the court erred by limiting the interest rate to 12 percent and, second, by allowing defendant's motion to strike plaintiff's cost bill.

Plaintiff argues that defendant was not entitled to rely on the usury defense, because he did not plead it affirmatively. The general rule is that a defendant must raise usury by an affirmative defense. ORCP 19B; *Blue River Sawmills et al v. Gates et al,* 225 Or 439, 459, 358 P2d 239 (1960); *Crisman v. Corbin,* 169 Or 332, 128 P2d 959 (1942). Defendant does not dispute that that is the general rule but contends that he comes within what he regards as an exception for defendants who have had no opportunity to raise the defense because usury cannot be discovered from the plaintiff's complaint or the defendant first learns from the evidence at trial that usury might be involved. The basis for defendant's argument is that the complaint does not specify a fixed interest rate, but defines a "floating" rate (as do the underlying instruments) equal to six percent over the prime rate of a named Chicago bank as of the first day of each month. Defendant also notes that the bank's prime rate at the applicable times is not specified in the complaint.

Defendant relies on *Anderson v. Griffith,* 51 Or 116, 93 P 934 (1908), and *Casner v. Hoskins,* 64 Or 254, 128 P 841, 130 P 55 (1913). In *Anderson,* the defendants were allowed to proceed on an unpleaded usury theory, because it was discovered only at trial that a sum which the defendants had paid to the plaintiff and which had not been credited to the principal debt might have been applied in a way which would render it usurious interest. In *Casner,* the defendant did plead usury in his answer. He was permitted at trial to introduce evidence of other states' usury statutes, although he had not

---

[1]Defendant CSL Building Corporation is not a party to this appeal, and we refer to Skirving as "defendant."

pled them, because it was "admissible under the original averments of the answer," 64 Or at 289, and because he was apprised only by the plaintiff's reply and by the evidence at trial that those statutes might be relevant.

In the present case, unlike *Anderson* and *Casner,* defendant had ample notice from the complaint that the usury defense might be available to him. Although a specific interest rate was not alleged, an equation for computing the rate and a way of determining the missing factors in the equation—the Chicago bank's prime rate on given dates—were stated in the complaint. Discovery was also available. To whatever extent *Anderson* and *Casner* may still be viable authority, we decline to extend them to excuse defendant here from pleading the defense. In both of those cases, the defendants *could not* have known the unpleaded facts. Here, defendant not only *could* have known the facts, he clearly *should* have known them in time to plead them. We agree with plaintiff's first assignment.

Plaintiff's second assignment of error is that the court erred by striking plaintiff's cost bill. That assignment is not properly before us. We previously denied plaintiff's motion to amend its notice of appeal to include the trial court's order striking the cost bill, because plaintiff did not seek to appeal from the order within 30 days of its entry.

Reversed and remanded for redetermination of interest; otherwise affirmed.